IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Molly Sexton, <br><br> Plaintiff, <br><br> v. <br><br> The Board of Education, District 130, Cook County, Illinois, and Carrie Tisch (as an individual) and Colleen McKay (as, an individual), <br><br> Defendants. | Case No. 25 cv 344 <br><br> Honorable Sunil R. Harjani |

## MEMORANDUM OPINION AND ORDER

For the last 12 years, Plaintiff Molly Sexton worked for the Board of Education, District 130, Cook County, Illinois (District), as an 8th grade math teacher at Veterans Memorial Middle School (Veterans). However, after filing a complaint with the Illinois Department of Labor, Division of Occupational Safety and Health (IL OSHA) about conditions at the school, Sexton alleges she was improperly transferred to another school that she cannot access due to her multiple sclerosis and denied open teaching positions at Veterans despite being qualified. In the First Amended Complaint, Sexton brings claims against the District for violating the Americans with Disabilities Act and the Illinois Human Rights Act, and a claim for violating the Illinois Whistleblower Act against the District, Colleen McKay, and Carrie Tisch. Now before the Court is Defendants McKay and Tisch's motion to dismiss.[1] For the reasons stated below, Defendants' motion to dismiss [35] is denied.

---

[1] The District answered the First Amended Complaint and discovery is ongoing. [34]. Fact discovery closed on November 14, 2025. The parties are currently in expert discovery with Plaintiff's expert disclosures due December 17, 2025, Defendants' expert disclosures due January 16, 2026, and expert discovery scheduled to close on February 13, 2026. [45].

**Background**

Plaintiff Molly Sexton is an employee of the District and has worked there for over 18 years in various teaching roles. [31] ¶¶ 1, 6, 8. Defendants Colleen McKay and Carrie Tisch are the Superintendent and the Assistant Superintendent of Human Resources for the District, respectively. *Id.* ¶¶ 10, 11. From 2013 through 2024, Plaintiff was an 8th grade math teacher at Veterans. *Id.* ¶ 8.

Starting on May 1, 2024, Plaintiff made several complaints to District officials about the conditions at Veterans; specifically, that the building was dangerously hot and that the water was turned off during the school day. *Id.* ¶¶ 16, 17. These conditions were particularly dangerous for Plaintiff because she has multiple sclerosis (MS). *Id.* ¶ 18. On May 2, 2024, Plaintiff requested an accommodation from the District for her disability. *Id.* ¶ 19. Then on May 7, 2024, Plaintiff filed a complaint against the District with IL OSHA. *Id.* ¶ 20.

On July 30, 2024, the District informed Plaintiff that she was being transferred to Everett F. Kerr Middle School (Kerr), and Plaintiff immediately requested not to be transferred. *Id.* ¶¶ 22, 23. On August 1, 2024, Plaintiff updated her accommodation request to include not being transferred. *Id.* ¶ 24. Defendant Tisch responded on August 6, 2024 by stating that:

> …the District now has a concern about your fitness for duty. You have two options:
> 1. Sign a release authorizing your doctor to speak with the District's mental health professional and allow the District's professional to review your medical records
> OR
> 2. The Superintendent will request the Board of Education to require a fitness for duty evaluation, as it is The District's right under the School Code and Board policy.

*Id.* ¶ 25.

On August 7, 2024, the District hired a new teacher to replace Plaintiff as an 8th grade math teacher at Veterans. *Id.* ¶ 26. Unlike Plaintiff, this replacement teacher only had a few months of teaching experience and did not have MS and was not otherwise disabled. *Id.*

On August 12, 2024, Plaintiff reiterated that she could not work at Kerr because she was unable to climb the stairs to enter the building. *Id.* ¶ 27. Tisch responded by informing Plaintiff that her belongings were being removed from Veterans. *Id.* ¶ 28. As the beginning of the school year approached, Plaintiff continued to request not to be transferred, but the District instructed her to report to Kerr. *Id.* ¶¶ 29, 30. When school started on August 19, 2024, Plaintiff refused to work at Kerr as her MS made the building inaccessible. *Id.* ¶ 31. Unable to work at Kerr, Plaintiff has been on leave since August 19, 2024. *Id.* ¶ 33. To remain employed, Plaintiff used her accumulated sick days until April 24, 2025, but she has not been paid since. *Id.* ¶¶ 34, 35.

After being transferred to Kerr, Plaintiff applied to other jobs she was qualified for at Veterans including 7th and 8th grade science teacher positions, but she was not hired for those positions. *Id.* ¶¶ 36, 37. On April 11, 2025, Plaintiff applied for her original job at Veterans, as her replacement was not returning, but she was not hired for that role. *Id.* ¶¶ 38, 39.

Plaintiff alleges Defendants retaliated against her because they removed her from her position as an 8th grade math teacher at Veterans and refused to hire her for other open roles at Veterans. *Id.* ¶ 65. Plaintiff also claims that she suffered damages because of their actions, including a loss of pay and benefits, missed retirement contributions, and that she has suffered emotional distress. *Id.* ¶ 40.

**Legal Standard**

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Heredia v. Capital Management Services, L.P.*, 942 F.3d 811, 814 (7th Cir. 2019). However, a complaint must consist of more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## Discussion

Relevant to this motion, Plaintiff brings a claim against Defendants Tisch and McKay for violating the Illinois Whistleblower Act. Defendants Tisch and McKay argue this claim should be dismissed pursuant to Rule 12(b)(6) for two reasons. First, they claim that the First Amended Complaint does not give fair notice of the grounds against Tisch and McKay individually and instead relies on group pleadings. Second, Defendants assert that since the First Amended Complaint uses group pleadings, Tisch and McKay should have been sued in their official capacity, and if treated as such, the claims should be dismissed for redundancy.

   I.   **Fair Notice**

Defendants argue that the First Amended Complaint fails to provide adequate notice to Tisch and McKay of the claims against them and improperly pleads collective responsibility.

Plaintiff responds that she is not required to plead detailed facts and that the Complaint sufficiently alerts Tisch and McKay to the claims against them. Further, she contends that the Seventh Circuit allows for collective pleadings directed at all defendants.

The Illinois Whistleblower Act (IWA) bars employers from retaliating against employees who, among other things, alert government investigators to employer wrongdoing. 740 ILCS 174/15. Plaintiff brings a claim under Section 15(b) of the IWA which provides that an "employer may not take retaliatory action against an employee for disclosing or threatening to disclose information to a government or law enforcement agency information related to an activity, policy, or practice of the employer, where the employee has a good faith belief that the activity, policy, or practice of the employer (i) violates a State or federal law, rule, or regulation or (ii) poses a substantial and specific danger to employees, public health, or safety." 740 ILCS 174/15(b). To plead a Section 15(b) claim, an employee must allege "(1) an adverse employment action by her employer, (2) which was in retaliation for (3) her disclosure to a government or law enforcement agency (4) of a suspected violation of an Illinois or federal law, rule, or regulation." *Strzykalski v. Bd. of Educ. of Summit Hill Sch. Dist. no. 161*, 2025 WL 1755463, at *6 (N.D. Ill. June 25, 2025) (citing *Sweeney v. City of Decatur*, 2017 IL App (4th) 160492, ¶ 15).

Defendants do not assert that Plaintiff failed to allege a specific element of the claim, rather they claim that the allegations against Tisch and McKay individually are insufficient and that the Complaint improperly relies on group pleadings. Before addressing the sufficiency question, the Court must determine whether the allegations in the group pleadings—the allegations made against Defendants or all Defendants—can be attributed to Tisch and McKay. "There is no 'group pleading' doctrine, *per se*, that either permits or forbids allegations against defendants collectively." *Robles v. Chicago*, 354 F. Supp. 3d 873, 875 (N.D. Ill. 2019). A group pleading

5

which merely refers to the defendants collectively to ambiguously attribute an action to an unknown defendant or group of defendants does not provide adequate notice. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (finding the use of "one or more of the Defendants" in the complaint failed to sufficiently provide notice to the defendants). However, as the Seventh Circuit confirmed in *Brooks*, allegations against "the Defendants" adequately plead personal involvement and provide notice where it is clear that the allegations pertain to all of the defendants. *Id.* at 582. Thus, a complaint can provide sufficient detail to put the defendants on notice if it directs every allegation at all defendants because the defendants do not have to speculate about which claims or allegations pertain to them, and they must defend against them all. *Sloan v. Anker Innovations Ltd.*, 711 F. Supp. 3d 946, 955–56 (N.D. Ill. 2024).

There is no bright line rule for when notice is sufficient to a particular defendant, but "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). For example, in *Gorgas v. Amazon.com, Inc.*, the court found that the group pleadings were appropriate because the allegations were directed against all defendants, so each defendant did not have to speculate about what claims or allegations applied to them. 2023 WL 4209489, at *3 (N.D. Ill. June 23, 2023). Since the complaint alleged the specific conduct was done by all the defendants, this provided sufficient notice to each defendant of the claims against them. *Id.* Similarly, in *Robles*, the court found allegations that the "Defendant-Officers obtained a bogus warrant, unlawfully searched his home, and stole his property," sufficient as they alleged that each of the defendants was a member of a team that collectively conspired and acted to harm the plaintiff, which was enough to put each defendant on notice of what he was asserted to have done wrong. 354 F. Supp. 3d at 875–76.

6

Further, the Seventh Circuit has noted that when a plaintiff has been injured "as the consequence of the actions of an unknown member of a collective body, identification of the responsible party may be impossible without pretrial discovery." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009) (quoting *Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 789 (7th Cir. 1995)).

In the First Amended Complaint, Plaintiff's allegations against the Defendants can reasonably be read to be asserted against all defendants. Plaintiff alleged that all Defendants violated her rights under the IWA when they retaliated against her for filing a complaint with IL OSHA by removing her from her post and refusing to hire her, which provides notice to Tisch and McKay of her claims against them. Defendants argue that the Seventh Circuits decision in *Bank of America, N.A. v. Knight*, prohibits these types of pleadings as being based on a theory of collective responsibility. [36] at 5. But unlike in *Knight*, where the plaintiff alleged without elaborating that "the defendants looted the corporation[,]" here, Plaintiff alleges specific conduct that all of the Defendants participated in as retaliation. *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). Plaintiff does not need to allege the precise role Tisch and McKay had in the alleged acts of retaliation, as such decisions are the consequences of a collective body, the specifics of which can be identified in pretrial discovery. *See Rodriguez*, 577 F.3d at 821. The allegations, although alleged as a group, are sufficient to put Tisch and McKay on notice of the claims against them.

With the scope of the allegations against Tisch and McKay establish, the Court turns to whether the allegations are sufficient under Rule 8. "It is enough to plead a plausible claim, after which 'a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint[.]'" *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017) (quoting

*Twombly*, 550 U.S. at 563). All the complaint needs to do is state a grievance—details and proofs come at summary judgment. *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1338 (7th Cir. 2024).

At this stage, Plaintiff's allegations are sufficient to put Tisch and McKay on notice of the claims against them. Plaintiff alleges that Tisch and McKay are employers under the IWA and that they knew she disclosed a complaint to IL OSHA. [31] ¶¶ 10, 11, 57, 58, 63, 64. Shortly thereafter, all Defendants were involved in retaliating against her by removing her from her teaching assignment at Veterans, where she had worked for 12 years, and refusing to hire her for open positions. *Id.* ¶ 65. The Seventh Circuit instructs that a complaint must be read "sensibly and as a whole[.]" *Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013). Thus, when considering claims of retaliation, courts should not parse events in such a way that they lose "sight of the bigger picture, which show[s] an ongoing pattern of retaliation." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 829 (7th Cir. 2014). Here, the temporal proximity of Plaintiff's IL OSHA complaint and the alleged retaliation supports the inference that they are part of an ongoing pattern of retaliation. Further, the idea that Defendants acted jointly when taking the alleged actions against Plaintiff is plausible as it is reasonable to infer that a school district's hiring and reassignment decisions are made by a group of people.

Plaintiff also alleges actions Tisch took to retaliate against her after her complaint to IL OSHA. According to Plaintiff, Tisch responded that the District had concerns about her fitness for duty after Plaintiff requested an accommodation and to not be transferred. [31] ¶ 25. Further, when Plaintiff reiterated that she could not work at Kerr because of the stairs, Tisch informed Plaintiff they were removing her belongings from Veterans. *Id.* ¶ 28. These allegations, in addition to the allegations against all Defendants, are sufficient at this stage in the litigation. While Plaintiff alleges fewer direct actions against McKay, when read in combination with the pleadings against

all defendants, she has met the requirements for notice pleading. *See, e.g.*, *Stieglitz v. City of Chicago*, 2025 WL 2084143, at *7 (N.D. Ill. July 23, 2025) (finding that the group pleadings put an individual defendant on notice of the claims against him, even if the complaint did not specify what actions that defendant took as part of the campaign of retaliatory harassment); *Horton v. City of Rockford*, 2019 WL 3573566, at *3–4 (N.D. Ill. Aug. 6, 2019) (finding the allegations in a complaint were sufficient even though they included group pleadings when they contained "the what, where, when, and how, but not the precise 'who' for every alleged act of misconduct."). Defendants may dispute that Tisch and McKay were involved in the actions that Plaintiff alleges were retaliatory, but at the motion to dismiss stage, the Court must accept as true the well-pleaded allegations of the complaint. As such, the claims against Tisch and McKay are adequate at this time.

However, the Court offers "no opinion on the ultimate merits because further development of the record may cast the facts in a light different from the complaint." *Savory v. Cannon*, 947 F.3d 409, 412 (7th Cir. 2020). "A full description of the facts that will prove the plaintiff's claim comes later, at the summary-judgment stage or in the pretrial order." *Chapman*, 875 F.3d at 848. If Plaintiff cannot show Tisch and McKay were personally involved in the alleged retaliation, then it is possible she may lose on summary judgment or at trial.

## I. Redundant Claims

Second, Defendants argue that the claims against Tisch and McKay should be dismissed because claims raised against officials in their official capacity are treated as claims against the government entity, making these claims redundant of the claim against the District. While Plaintiff does not contest Defendants' argument that claims against an individual in their official capacity are treated as claims against the entity, she argues that she did not make claims against Tisch and

McKay in their official capacity. In the First Amended Complaint, Plaintiff specifically sues Tisch and McKay in their personal capacity and not their official capacity. *See* [31]. Defendants do not address this argument in their reply brief, and instead they argue that the allegations are insufficient to bring claims of individual liability against Tisch and McKay. [40] at 4–5. As such, Defendants' argument that the claims should have been brought against Tisch and McKay in their official capacity is waived. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

Plaintiff argues that she can sue Tisch and McKay as they meet the definition of employer under the IWA. The definition of "employer" in the IWA includes "any person acting within the scope of his or her authority, express or implied, on behalf of those entities in dealing with its employees." 740 ILCS 174/5. Thus, the statute clearly allows for individual liability. *See Bello v. Vill. of Skokie*, 151 F. Supp. 3d 849, 865 (N.D. Ill. 2015); *Hernandez v. Rhee*, 2021 WL 3408510, at *20 (N.D. Ill. Aug. 4, 2021) ("[C]ourts in this District have held that claims under the IWA are permissible against individuals who are agents of an employer."). Further, in response Defendants do not argue that the Complaint was improperly pled under the statute, rather Defendants contend that the allegations against Tisch and McKay are insufficient to establish liability. As a result, Defendants have waived the argument that individuals cannot be liable under the IWA. *Webb v. Frawley*, 906 F.3d 569, 581 (7th Cir. 2018) (Plaintiff "has waived any counterarguments he may have had by not responding to [Defendant's] argument on this topic in his reply brief."). Moreover, as discussed above, the allegations are adequate to plead a claim under Rule 8. Whether Plaintiff can actually establish sufficient proof for individual liability against Tisch and McKay under the IWA is a question for another day.

**Conclusion**

For the reasons stated above, Defendants' motion to dismiss [35] is denied.

**SO ORDERED.**

Dated: December 10, 2025

_____
Sunil R. Harjani
United States District Judge

11